**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |
|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, SUCCESSOR IN INTEREST TO LEGACY MEDICAL CONSULTANTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>REGIONAL HEALTHCARE GROUP LLC, ROBERT HOUSTON MCDOWELL a/k/a HOUSTON MCDOWELL, KELLY MORT, GUARDIAN BIOLOGICS LLC, DR. JENNALOU HOLLNAGEL-KAUFFMAN a/k/a DR. JENNALOU HOLLNAGEL, STEPHEN BRADBURY, JENNA SEAWRIGHT a/k/a JENNA BISHOP, AND KEVIN ROBSON,<br><br>Defendants. | Case No. 4:26-cv-00944-O |

**PLAINTIFF LEGACY MEDICAL CONSULTANTS, LP'S MOTION FOR REMAND**

Plaintiff Legacy Medical Consultants, LP ("Plaintiff" or "Legacy"), by its undersigned counsel, respectfully moves this Court for an Order remanding the above-captioned matter to the District Court of Tarrant County, Texas, 17th Judicial District, because the *Notice of Removal*, ECF No. 1, filed by Defendants Kelly Mort ("Mort"), Houston McDowell ("McDowell"), Stephen Bradbury ("Bradbury") and Kevin Robson ("Robson") (collectively, the "Removing Defendants") lacks the consent of Defendants Dr. JennaLou Hollnagel-Kauffman, DPM ("Dr. Hollnagel-Kauffman") and Jenna Bishop, NP ("Ms. Bishop") (collectively, the "Nonconsenting Defendants"), in violation of 28 U.S.C. § 1446(b)(2)(A). As set forth in the *Memorandum of Law* filed simultaneously herewith, remand is appropriate as all properly joined and served defendants did not consent to the removal.

1

Dated: August 11, 2026

**BLANK ROME LLP**

*/s/ Megan Altobelli*
Megan A. Altobelli
Texas Bar No. 24107116
200 Crescent Court, Suite 1000
Dallas, Texas 75201
(972) 850-1450 Main
(972) 850-1467 M. Altobelli Direct
Megan.Altobelli@BlankRome.com

## Certificate of Conference

I, Megan Altobelli, counsel for Plaintiff Legacy Medical Consultants, LP ("Plaintiff"), certify that I conferred with Scott Lindsey, counsel for Defendants Kelly Mort ("Mort"), Houston McDowell ("McDowell"), Stephen Bradbury ("Bradbury") and Kevin Robson ("Robson") (collectively, the "Removing Defendants"), to determine whether Plaintiff's *Motion for Remand* is opposed. On Tuesday, August 4, 2026, Mr. Lindsey advised by email that "[i]f Legacy is considering a motion to remand, please mark us as opposed." On Monday, August 10, 2026, I followed up with Mr. Lindsey by email, stating: "Legacy does intend to file a motion to remand. Can you please confirm you are opposed so that I can comply with the conference requirement under LR 7.1?" The same day, Mr. Lindsey responded: "Yes, opposed."

*/s/ Megan Altobelli*
Megan A. Altobelli

## Certificate of Service

I certify that a true and correct copy of the foregoing Motion to Remand, Memorandum of Law in support, Appendix in support, and proposed order were served on all parties and counsel of record via the Court's CM/ECF filing system on this 11th day of August, 2026, in accordance with Fed. R. Civ. P. 5(b)(2).

*/s/ Megan Altobelli*
Megan A. Altobelli