**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

<table>
<tr>
<td>
LEGACY MEDICAL CONSULTANTS, LP,<br>
SUCCESSOR IN INTEREST TO LEGACY<br>
MEDICAL CONSULTANTS, LLC,<br><br>
        Plaintiff,<br><br>
   v.<br><br>
REGIONAL HEALTHCARE GROUP LLC,<br>
ROBERT HOUSTON MCDOWELL a/k/a<br>
HOUSTON MCDOWELL, KELLY MORT,<br>
GUARDIAN BIOLOGICS LLC, DR.<br>
JENNALOU HOLLNAGEL-KAUFFMAN<br>
a/k/a DR. JENNALOU HOLLNAGEL,<br>
STEPHEN BRADBURY, JENNA<br>
SEAWRIGHT a/k/a JENNA BISHOP, AND<br>
KEVIN ROBSON,<br><br>
        Defendants.
</td>
<td>
Case No. 4:26-cv-00944-O
</td>
</tr>
</table>

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF LEGACY MEDICAL
CONSULTANTS, LP'S MOTION FOR REMAND**

Plaintiff Legacy Medical Consultants, LP ("Plaintiff" or "Legacy"), by its undersigned

counsel, respectfully submits this *Memorandum of Law* in support of its *Motion for Remand*

requesting that this Court remand the above-captioned matter to the District Court of Tarrant

County, Texas, 17th Judicial District. Defendants Kelly Mort ("Mort"), Houston McDowell

("McDowell"), Stephen Bradbury and Kevin Robson's (collectively, the "Removing Defendants")

*Notice of Removal*, ECF No. 1, lacks the required consent for removal of Defendants Dr. JennaLou

Hollnagel-Kauffman, DPM ("Dr. Hollnagel-Kauffman") and Jenna Bishop, NP ("Ms. Bishop")

(collectively, the "Nonconsenting Defendants"), in violation of 28 U.S.C. § 1446(b)(2)(A).

## I.    PRELIMINARY STATEMENT

This Court should remand this case to Texas state court. The *Notice of Removal* claims it was filed "with the consent of all other Defendants who have been properly joined and served," ECF No. 1 at 1, but that representation is incorrect and unsupported by any written consent or authorization from Dr. Hollnagel-Kauffman or Ms. Bishop. Because the removal statute's rule of unanimity requires all properly joined and served defendants to join in or consent to removal, the removal is procedurally defective.

The *Notice of Removal*'s consent representation does not support removal in this case for two (2) reasons. **First**, it is factually incorrect. The Removing Defendants never obtained Dr. Hollnagel-Kauffman or Ms. Bishop's consent to removal. *See* Affidavits of Dr. Jenna Louise Hollnagel-Kauffman, DPM (App. 001-013) and Jenna Lynn Bishop, NP (App. 014-019). When Plaintiff's counsel inquired about the apparent lack of consent, the Removing Defendants responded that they were "confident [they] have the consents required." (App. 021). Yet almost immediately after sending that email, the Removing Defendants and their counsel began reaching out to Dr. Hollnagel-Kauffman and Ms. Bishop, attempting to obtain the required consents after the fact. (App. 002-003); (App. 015-016). Even after Ms. Bishop informed the Removing Defendants' counsel that she was already represented, counsel continued to try to speak with her without her counsel present. (App. 016).

**Second**, even if Dr. Hollnagel-Kauffman and Ms. Bishop had consented (they did not), a mere representation by counsel in a *Notice of Removal* that other defendants consent to the removal does not satisfy the rule of unanimity in the Fifth Circuit. Instead, each non-joining defendant must separately file a ***written indication*** of consent within the 30-day timeframe for the removal itself. *See Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988), *superseded by statute as stated in Lisk v. Alfonso*, 2025 WL 3197882, at *3 (N.D. Tex. Oct.

31, 2025), *report and recommendation adopted*, 2025 WL 3192550 (N.D. Tex. Nov. 14, 2025) (recognizing that in 2011 amendment of removal statute, "'Congress [a]dopted a last-served rule pursuant to which 'each defendant [has] 30 days after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of removal.'") (internal citations omitted). Thus, the Removing Defendants' bare assertion in the *Notice of Removal* cannot defeat remand.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case concerns two issues: (1) Defendants' failure to pay for millions of dollars' worth of tissue grafts sourced from human amniotic membrane and other birth tissues to be used as the Defendants determined to be medically appropriate; and (2) Defendants Mort and McDowell's forgery of the names and/or signatures of unwitting healthcare providers on purchase agreements with Legacy in an attempt to foist their obligation to pay for grafts onto those innocent third parties. *See* Legacy's Corrected Second Amended Petition, ECF No. 1 at 202.

On March 11, 2026, Legacy filed two separate but related actions in Texas state court: (1) Case No. 352-375546-26 (seeking to recover outstanding balances owed under agreements relating to Defendant Guardian Biologics LLC); and (2) Case No. 017-375541-26 (seeking to recover outstanding balances owed under agreements relating to Defendant Regional Healthcare Group). After Legacy filed these complaints, two named defendants contacted Legacy and informed it that they had never seen the agreements at issue or authorized their names or signatures to be used in connection with the agreements; Defendants Mort and McDowell had forged their names and/or signatures onto the agreements to stick these third parties with Mort and McDowell's payment obligation. *See* ECF No. 1 at 216-220.

Having learned these defendants were not proper, Legacy voluntarily dismissed Case No. 352-375546-26 and filed an amended complaint in Case No. 017-375541-26, thereby dismissing those defendants and consolidating all of the claims into one case. *See* ECF No. 1 at 57. Due to

3

various administrative filing issues, Legacy filed two more amended complaints, *id*. at 222, culminating in the Corrected Second Amended Petition, *id*. at 202, which is now the operative complaint. Once the Corrected Second Amended Petition was filed, Legacy personally served the Petition and summons on all defendants between July 8 and July 15, 2026. ECF No. 1 at 290-334.

On July 20, 2026, Defendant Mort texted Ms. Bishop asking to speak. (App. 019). Ms. Bishop did not respond. *Id*. Having received no response from Ms. Bishop, on July 24, 2026, Mort called Ms. Bishop, but she did not answer. (App. 017-018). Meanwhile, Defendants Mort and McDowell were communicating with Dr. Hollnagel-Kauffman about the suit via text message, yet nowhere in those texts did Mort or McDowell ask Dr. Hollnagel-Kauffman for her consent to *remove the case from state to federal court*. (App. 004-013). Instead, all Defendant McDowell said (on July 24, 2026) was "[w]ould you mind writing me a quick email just acknowledging that Mr Lindsey is going to represent this defense and file a motion ***to have individuals removed from the suit***?" (App. 012) (emphasis added). Dr. Hollnagel-Kauffman, a nonlawyer, naturally understood McDowell's request to refer to being dismissed as a defendant rather than a removal of the case to federal court (App. 003), which makes sense considering Defendant Mort had previously told Dr. Hollnagel-Kauffman on July 10, 2026, that "[w]e are going to collectively retain an attorney to represent all of us and ***get all of our names individually removed***." (App. 008) (emphasis added). Regardless, Dr. Hollnagel-Kauffman refused to provide the requested acknowledgement or consent. (App. 012-013).

On July 31, 2026, the Removing Defendants filed the *Notice of Removal*, representing it was filed "with the consent of all other Defendants who have been properly joined and served." ECF No. 1 at 1. The Returns and Affidavits of Service appended to the *Notice of Removal* confirm

4

every defendant was properly served. *Id.* at 290-334; *see also* ECF No. 1-2 (under "Unserved Parties[,]" the Removing Defendants wrote "None known to Removing Defendants.").

Upon receipt of the *Notice of Removal*, Plaintiff observed it contained no evidence Dr. Hollnagel-Kauffman or Ms. Bishop had consented. Thus, that same day (Friday, July 31, 2026), Plaintiff's counsel emailed Dr. Hollnagel-Kauffman and Ms. Bishop's counsel to ask whether he or his clients consented to the removal. (App. 025-026). After conferring with his clients, counsel confirmed neither had consented to the removal. (App. 024).

The following Monday, August 3, 2026, Plaintiff's counsel contacted the Removing Defendants' counsel, noting the inconsistency between the *Notice of Removal*'s consent representation and the Supplemental Civil Cover Sheet's acknowledgment that "counsel of record for the remaining Defendants is not yet known to the removing Defendants." (App. 021-022). Plaintiff's counsel continued:

> As you know, all properly served defendants must consent to removal. Dr. JennaLou Hollnagel-Kauffman and Jenna Seawright were both properly served before the Notice of Removal was filed. Based on the information available to us, neither Dr. Hollnagel-Kauffman nor Ms. Seawright consented to the removal. Given your involvement in this matter, can you confirm whether anyone contacted Dr. Hollnagel-Kauffman or Ms. Seawright to obtain their consent to removal before the Notice was filed? If not, what consent were you referring to in your filing? Please let us know by close of business today ….

*Id.* The next day, the Removing Defendants' counsel responded: "Thanks for your patience given my travel schedule. I'm circling back on this, and we're confident we have the consents required. If Legacy is considering a motion to remand, please mark us as opposed." (App. 021).

But no less than three (3) hours later, Dr. Hollnagel-Kauffman and Ms. Bishop's counsel contacted Plaintiff's counsel, stating that the Removing Defendants and their counsel were now reaching out directly to his clients to belatedly obtain their removal consent. (App. 030). Indeed, on August 4, 2026, one of the Removing Defendants' attorneys directly contacted Dr. Hollnagel-

5

Kauffman by telephone and left a voicemail. (App. 003). Around that same time, Defendant Mort called Ms. Bishop (who did not answer) and left a voicemail requesting a call back. (App. 018). The next day, Mort followed up by text message, telling Ms. Bishop "[w]e need to speak with you." (App. 019). Ms. Bishop did not respond. (App. 016, 019).

On August 5, 2026, one of the Removing Defendants' attorneys also directly contacted Ms. Bishop by telephone. (App. 016, 018). Ms. Bishop answered the call and informed the attorney she was already represented by another attorney and could not speak with him. (App. 016). The attorney then asked again if Ms. Bishop would nonetheless speak with him (even though her counsel was not on the line), stating the conversation would only take a few minutes. *Id*. Ms. Bishop declined again and ended the call. *Id*. Under the circumstances, it is apparent the Removing Defendants' attorney was calling about removal consent.

Finally, on August 10, 2026, Dr. Hollnagel-Kauffman and Ms. Bishop executed affidavits, (App. 002-013) and (App. 015-019), verifying that they never consented to the removal.

## III.   **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *Lewis v. Greyhound Lines Inc.*, No. 3:25-CV-02912-O, 2025 WL 3551661, at *1 (N.D. Tex. Dec. 11, 2025) (O'Connor, J.) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). To that end, federal courts have an independent duty, at any level of the proceedings, to determine whether they properly have subject matter jurisdiction over a case. *Id*. (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) and *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005)).

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." *Id*. The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Id*. (citing *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir.

6

1993)). In policing the precise boundaries of their limited jurisdiction, federal courts strictly construe the removal statute because "removal jurisdiction raises significant federalism concerns." *Id.* (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). Accordingly, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Id.* (citing *Cross v. Bankers Multiple Line Ins.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992)). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Id.* (citing *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003)).

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal. *Id.* at *2 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939) and *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir.1995)). The "rule of unanimity" under 28 U.S.C. § 1446(b)(2)(A) requires that all properly served defendants either join in or provide written consent to the removal within 30 days from service on the removing defendant. *Id.* (citing *Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, 81 F. Supp. 3d 543, 554 (S.D. Tex. 2015).

Regarding the form of consent, "[t]here must be some timely filed written indication from each served defendant ... that it has actually consented to such action." *Id.* (citing *Gibbs v. Ocwen Loan Servicing, LLC*, No. 3:14-CV-1153-M-BN, 2014 WL 2767206, at *2 (N.D. Tex. June 18, 2014)). Accordingly, in *Getty Oil Corp. v. Insurance Company of North America*, the Fifth Circuit clarified that an unsupported statement in a removal petition indicating another defendant consents to removal does not suffice absent evidence the other defendant authorized the removing defendant to "formally (or otherwise) represent to the court" on its behalf it consents to the removal. *See* 841 F.2d at 1262 n. 11.

Failure to meet this requirement renders the removal procedurally defective, and such defects cannot be cured retroactively after the 30-day period of service has expired. *Lewis*, 2025 WL 3551661 at *2 (citing cases; remanding case due to lack of timely written consent).

## IV.    <u>LEGAL ARGUMENT</u>

The procedural defect is apparent from the removal record and the Nonconsenting Defendants' sworn affidavits. Ms. Bishop was personally served on **July 12, 2026**, and Dr. Hollnagel-Kauffman was personally served on **July 15, 2026**. Both were properly joined and served before removal, so their joinder in or consent to the removal was required under 28 U.S.C. § 1446(b)(2)(A). On **July 31, 2026**, the Removing Defendants filed the *Notice of Removal*, stating it was filed "with the consent of all other Defendants who have been properly joined and served," but the *Notice* did not attach or identify any written consent or authorization from either Dr. Hollnagel-Kauffman or Ms. Bishop. Instead, the *Notice of Removal* relied only on counsel's unsupported assertion that all properly joined and served defendants consented.

That is not enough under controlling Fifth Circuit law. In *Getty Oil*, the Fifth Circuit held that although each defendant need not sign the same notice of removal, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." 841 F.2d at 1262 n.11. Otherwise, "there would be nothing on the record to 'bind' the allegedly consenting defendant." *Id*.

*Getty Oil* applies directly here. The *Notice of Removal* was signed by counsel for only the Removing Defendants. It did not include any separate written indication of consent from Dr. Hollnagel-Kauffman or Ms. Bishop, nor did it allege that either of them formally authorized the Removing Defendants, or the Removing Defendants' counsel, to represent to the Court that they consented to removal. The Supplemental Civil Cover Sheet confirms this point: it identifies

different counsel for Defendants Regional Healthcare Group LLC and Guardian Biologics LLC and states that counsel of record for the "remaining defendants" (*i.e.*, Dr. Hollnagel-Kauffman and Ms. Bishop) was "not yet known" to the Removing Defendants.

The consent problem is particularly troubling given the nature of this case. In the operative petition, Legacy alleges that Defendants Mort and McDowell forged healthcare providers' names and signatures onto purchase agreements, misrepresenting that those providers had authorized the use of their names or signatures on the agreements and were the true counterparties liable for millions of dollars' worth of products that Mort and McDowell had ordered. The *Notice of Removal*'s unsupported assertion of consent—contradicted by the Supplemental Civil Cover Sheet's own acknowledgment that counsel for the remaining defendants was "not yet known[,]" as well as the affidavits attached hereto—raises a similar question about authority at the threshold jurisdictional stage.

Ultimately, the defect is not merely that written consents were omitted from the *Notice of Removal*. The sworn affidavits of Dr. Hollnagel-Kauffman and Ms. Bishop affirmatively establish that neither defendant ever consented to removal, authorized anyone to consent to removal on their behalf, and that neither presently consents to removal. Because the Removing Defendants failed to obtain the unanimous consent required by Section 1446(b)(2)(A), the removal was procedurally defective and this action should be remanded.

## V.      CONCLUSION

Based on the foregoing, Plaintiff's Motion for Remand should be granted, and this case should be remanded to the District Court of Tarrant County, Texas, 17th Judicial District.

9

Dated: August 11, 2026

**BLANK ROME LLP**

/s/ Megan Altobelli
Megan A. Altobelli
Texas Bar No. 24107116
200 Crescent Court, Suite 1000
Dallas, Texas 75201
(972) 850-1450 Main
(972) 850-1467 M. Altobelli Direct
Megan.Altobelli@BlankRome.com

*Counsel for Legacy Medical Consultants, LP*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing has been served on all parties and counsel of record on this 11th day of August, 2026, via the Court's CM/ECF filing system in accordance with Fed. R. Civ. P 5(b)(2).

/s/ Megan Altobelli
Megan Altobelli

10